**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

PATRICIA A. SCOTT,

    Plaintiff,

vs.                                               CASE NO. 3:07-cv-1219-J-25TEM

FRANK JAMES BROOKS,

    Defendant.

_____

**O R D E R**

This case is before the Court on the request to proceed *in forma pauperis*, contained in the Affidavit of Indigency (Doc. #8), filed January 15, 2008.  Plaintiff initially filed an incomplete Affidavit of Indigency (Doc. #3), which the Court directed she must amend to include statements of all financial obligations and resources available (Doc. #5).

While the amended Affidavit reveals Plaintiff may have insufficient resources to commence and conduct the litigation, a review of the complaint shows Plaintiff has failed to state a valid claim upon which relief might be granted.  In this case, Plaintiff alleges discrimination by an individual, Frank James Brooks, under the "Section 804 b or f of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act of 1988" (Doc. #1, Complaint, ¶¶ 3, 11, 12).  Factually, however, Plaintiff alleges only that Defendant Brooks "has made illegal arrangements to have my lease terminated" and "has singled me out from other tenants with low income" (Doc. #1, ¶ 4).  Plaintiff further alleges that Defendant Brooks' conduct was harassing and he accused her of under-reporting her income (Doc. #1 at pp. 7-8).  No other facts are provided that would aid the Court.

Upon examination of the Complaint (Doc. #1), the Court has determined this suit may

be subject to dismissal pursuant to Title 28, United States Code, Section 1915.

Under 28 U.S.C. § 1915(a), courts may permit a litigant to proceed *in forma pauperis* if the litigant avers in an affidavit that he or she is unable to bear the fees and costs concomitant with a lawsuit.  As recognized by the United States Supreme Court, "a litigant whose filing fees and court costs are assumed by the public . . . lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).  Thus, the Court is empowered with the discretion to dismiss the action, sua sponte, if it is frivolous or malicious.  *See id.*   A suit is frivolous where it "lacks an arguable basis either in law or in fact."  *Id.* at 325.

The statute also requires the Court to dismiss the case if it determines the action "fails to state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).  However, the Eleventh Circuit has found that courts should permit a *pro se* litigant, who is seeking *in forma pauperis* status, the opportunity to amend a deficient complaint before dismissing pursuant to § 1915 for failure to state a claim.  *Troville v. Venz*, 303 F.3d 1256, 1260, n. 5 (11th Cir. 2002).

Federal courts are courts of limited jurisdiction.  The Court surmises from Plaintiff's reference to the Fair Housing Act that she is attempting to invoke the Court's jurisdiction on the basis of a federal question pursuant to 28 U.S.C. § 1331.  To determine whether a claim is within § 1331, the Court must determine whether "a federal cause of action would appear on the face of a well-pleaded complaint." *Gillett Communications v. Becker*, 807 F.Supp. 757, 760 (N.D. Ga. 1992), *appeal dismissed,* 5 F.3d 1500 (11th Cir. 1993).

Here, Plaintiff has claimed that another individual, otherwise unidentified, is harassing her with threats to have her lease terminated.  Plaintiff has not stated the nature of the

relationship with Defendant Frank James Brooks. While Plaintiff claims the Defendant's conduct is discriminatory because of her low income, she has not identified the protected class of persons to which she belongs (*see* Doc. #1, ¶¶ 5, 10). Plaintiff has not identified the apartment where she resides as subject to the provisions of the Fair Housing Act, to which she specifically refers in her complaint.

Section 804 of Title VIII has been amended and codified under 42 U.S.C. § 3604. Section 3604 provides in relevant part:

> As made applicable by section 3603 of this title and except as exempted by sections 3603(b) and 3607 of this title, it shall be unlawful . . . (b) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin; (f)(1) To discriminate in the sale or rental, or to otherwise make unavailable or deny, a dwelling to any buyer or renter because of a handicap of--(A) that buyer or renter, (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated with that buyer or renter; (f)(2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of--(A) that person; or (B) a person residing in or intending to reside in that dwelling after it is so sold, rented, or made available; or (C) any person associated with that person.

42 U.S.C. §§ 3604(b), (f) (2003).

Even reading Plaintiff's complaint under the liberal construction afforded *pro se* litigants, *see Hughes v. Rowe*, 449 U.S. 5, 9 (1980), Plaintiff has failed to allege facts sufficient to state a cause of action under the Fair Housing Act.

However, because Plaintiff has filed the instant action on a *pro se* basis, the Court will allow for a lack of understanding of the rules under which a claim in federal court may be brought. In an abundance of caution, the Court will permit Plaintiff an opportunity to amend the Complaint. As noted above, it is well established that the "complaints of *pro se* litigants

must be liberally construed and are held to less stringent standards than formal pleadings drafted by lawyers." *Moore v. Schlesinger*, 150 F. Supp.2d 1308, 1311 (M.D. Fla. 2001) *citing Estelle v. Gamble*, 429 U.S. 97 (1976); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980).  However, Plaintiff is cautioned that the latitude of such liberal construction is not without its limits.  The Court would additionally note that Plaintiff has brought several suits within the United States District Court, Middle District of Florida and is thereby deemed to be more familiar with the procedural rules than would the *pro se* litigant bringing a single lawsuit.

The amended complaint must contain a federal court caption and must include all of Plaintiff's claims in this action; it should not refer back to the original filings.  Plaintiff is reminded that the amended complaint must contain a "short and plain statement of the grounds upon which the court's jurisdiction depends." Fed. R. Civ. P. 8(a)(1).  If any named defendant is a governmental entity, it must be properly identified as such.  Plaintiff must also set forth with specificity the nature of the causes of action and how each named defendant is involved in the alleged wrongdoing.  Additionally, Fed. R. Civ. P. 8(a)(3) of the requires a complaint include "a demand for judgment for the relief the pleader seeks."  Plaintiff should also be aware that defendants may be joined in a single action or lawsuit only if the claims against them result from the same transaction and involve the same questions of law or fact.

Additionally, Plaintiff may wish to obtain a copy of the Court's Local Rules which are available for review on the public website for the Middle District Court of Florida at www.flmd.uscourts.gov and from the Clerk's Office.  The Federal Rules of Civil Procedure are available for review in the law libraries of the state and federal courthouses or at the website www.uscourts.gov/rules.

Accordingly, upon due consideration it is hereby **ORDERED:**

1.  Plaintiff is directed to file an amended complaint in conformance with all applicable rules and statutes **within fifteen (15) days. Failure to file an amended complaint as directed by this Order may result in a recommendation to the district judge that this case be dismissed.**

2.  The Court takes Plaintiff's motion to proceed *in forma pauperis*, as construed from the amended Affidavit of Indigency (Doc. #8), under advisement until Plaintiff has complied with paragraph 1 or time denoted therein has expired.

**DONE AND ORDERED** at Jacksonville, Florida this 8th day of May, 2008.

*Thomas E. Morris*
THOMAS E. MORRIS
United States Magistrate Judge

Copies:
*Pro Se* Plaintiff